UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL LOUANNA CASEY-BEICH,   )
                                )
    Plaintiff,                  )
                                )
v.                              )    Case No. 07-1058
                                )
UNITED PARCEL SERVICE, INC.,    )
                                )
    Defendant.                  )

**O R D E R**

This matter is now before the Court on Defendant, United Parcel Service's ("UPS"), Motion to Dismiss.  For the reasons set forth below, the Motion to Dismiss [#8] is GRANTED.

**BACKGROUND**

The following facts are taken from the Complaint and are presumed to be true for purposes of resolving a motion to dismiss.  On or about July 6, 1994, Plaintiff, Michael Louanna Casey-Beich ("Casey-Beich"), was employed by UPS at its distribution center in Bloomington, Illinois.  One of her duties was to clean the facility at the direction of UPS management and supervisory personnel.

Prior to Casey-Beich's shift on July 6, 1994, a truck delivered a shipment of various substances, one of which contained an unknown powdered substance, to the distribution center.  The package containing this substance arrived in an opened condition, with the unknown powder substance having become separated from its container and spilling out into the trailer.  As the truck was unloaded, the substance then spilled out into the

distribution center.  At some point between 4:30 a.m. and 8:30 a.m., unknown UPS employees attempted to clean up this substance and suffered an adverse reaction to their skin when they came in contact with the substance.  This was reported to UPS supervisors.

At about 9:00 a.m., Casey-Beich reported to work.  While searching the docking area for missed packages, she observed the unknown powder substance.  She asked a supervisor what the substance was and was told that it was OK to work around.  Despite UPS' knowledge that employees had experienced adverse reactions after coming into contact with the substance, Casey-Beich was directed to clean up the unknown substance.  She later reported to her supervisor that she was having discomfort and itching on her arms and hands and was told to wash her hands and put on gloves.  Casey-Beich completed her shift despite the continued discomfort and burning sensation on her hands and arms and reported for work the next day.  Her repeated inquiries regarding the package and the unknown substance resulted in the response that, "we never found the box."

Casey-Beich developed rashes, lumps, and discoloration on her skin, and on July 17, 1994, she was taken to the hospital by ambulance after developing a discoloration on her panty line, a sore throat, and extreme fatigue that worsened.  She later attempted to take a sample of the substance to her doctor to be analyzed but UPS' center manager threatened to call the police and have her arrested for theft.  Casey-Beich alleges that as a result of UPS' extreme and outrageous conduct in handling the situation with the unknown substance, she has suffered permanent scars to hands, extreme emotional distress, and has continued to suffer multiple health problems.

UPS has moved to dismiss the Amended Complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Order follows.

**STANDARD**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992). However, a statute of limitations issue may be resolved on the face of the complaint if the plaintiff pleads facts establishing definitively that the applicable limitations period has expired. Barry Aviation, Inc. V. Land O' Lakes Municipal Airport Commission, 377 F.3d 682, 688 (7th Cir. 2004).

**DISCUSSION**

Defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted. Specifically, they argue that as this case was not filed until more than 12 years after Casey-Beich suffered any alleged injury, her Complaint is fatally untimely.

Although not a model of clarity, Casey-Beich's pro se filings can best be construed as presenting a claim for personal injury or intentional infliction of emotional

distress. In Illinois, the statute of limitations for such claims is two years. 735 ILCS 5/13-202. Generally, a cause of action for personal injury or intentional infliction of emotional distress accrues when the plaintiff suffers the injury. Hollander v. Brown, 457 F.3d 688, 692 (7th Cir.2006); Feltmeier v. Feltmeier, 207 Ill.2d 263, 279 (Ill. 2003). In an effort to avoid the harsh consequences of a strict application of this rule, courts apply the discovery rule when an injury has an "insidious onset." Hollander, 457 F.3d at 692-93. Under the discovery rule, the limitations period starts to run when the plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." See, e.g., Parks v. Kownacki, 737 N.E.2d 287, 294 (Ill.2000).

Casey-Beich knew that she was exposed to the substance and was immediately aware of her adverse reaction. Even assuming that she was at first unaware of the severity of her injury, it is also clear from her Amended Complaint that she knew that her reaction was severe by the time she was hospitalized in late-July 1994 and in following up with her physician in August 1994. Accordingly, the Amended Complaint establishes that at the latest, the statute of limitations began to run by the end of July or early August 1996 and therefore expired by early August 1996.

Although she argues that she made timely complaints to the Department of Transportation, OSHA, and EPA, her administrative complaints are not equivalent to filing a civil lawsuit for personal injuries, and she provides no justification for having waited for so long to file her action for damages. As Casey-Beich did not file her Complaint in this case until February 2007, it is clear that her pursuit of this action is time barred.

## CONCLUSION

For the reasons set forth above, UPS' Motion to Dismiss [#8] is GRANTED.  This matter is now dismissed as untimely.

ENTERED this 19th day of December, 2007.

                                                 S/ Michael M. Mihm
                                                 Michael M. Mihm
                                                 United States District Judge